# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

| (b) County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

***RELATED CASE, IF ANY:***

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     _____
                           *Attorney-at-Law / Pro Se Plaintiff*                  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
       *(Please specify): _____*

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify): _____*
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
       *(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                           *Attorney-at-Law / Pro Se Plaintiff*                  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

MICHELE  GATES                                :                         CIVIL ACTION
                                     PLAINTIFF, :
                                               v. :
                                                  :
ARAMARK CORPORATION              :                         NO.
                                                  :
                                   DEFENDANTS.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                        (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                     (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                   (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                 ( X )

March 5, 2021 _____        _____        Plaintiff, Michele Gates
**Date**                              **Attorney-at-law**              **Attorney for**

(215) 545- 7676                       (215) 827- 5101                  munshi@consolelaw.com

**Telephone**                         **FAX Number**                   **E-Mail Address**

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ———————————————— : | |
| **MICHELE GATES** : | |
| **Philadelphia, PA 19128** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION NO.** |
| **v.** : | |
| : | |
| **ARAMARK CORPORATION** : | **JURY TRIAL DEMANDED** |
| **2400 Market Street** : | |
| **Philadelphia, PA 19103** : | |
| : | |
| **Defendant.** : | |
| ———————————————— : | |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Michele Gates, brings this action against her former employer, Defendant Aramark Corporation ("Defendant" or "Aramark"). Plaintiff was discriminated against because of her sex and retaliated against for complaining of the same in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101, *et seq.* ("PFPO"). Plaintiff seeks all damages, including economic loss, compensatory, and punitive damages, and all other relief under applicable federal, state, and local law as this Court deems appropriate.

### II. PARTIES

1. Plaintiff, Michele Gates, is a female individual and citizen of the Commonwealth of Pennsylvania.

2. Defendant is a multi-national food services and facilities provider with a principal place of business in Philadelphia, Pennsylvania.

3.      Defendant is engaged in an industry affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

4.      At all times material hereto, Defendant employed more than fifteen (15) individuals.

5.      At all times material hereto, Defendant acted as an "employer" within the meaning of the statutes which form the basis of this matter.

6.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the statutes which form the basis of this matter.

7.      At all times material hereto, Defendant acted by and through its authorized agents, servants, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

## III.    JURISDICTION AND VENUE

8.      The causes of action which form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

9.      The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

10.     The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

11.     The District Court has supplemental jurisdiction over Count III (PFPO) pursuant to 28 U.S.C. §1367.

12.     Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

13.     On or about November 13, 2017, Plaintiff filed a Complaint of Discrimination

with the Pennsylvania Human Relations Commission ("PHRC"), and dual-filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination and retaliation alleged herein.  Attached hereto, incorporated herein and marked as Exhibit 1 is a true and correct copy of the Complaint of Discrimination.

14.    On or about February 11, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue.  Attached hereto, incorporated herein and marked as Exhibit 2 is a true and correct copy of that notice.

15.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

16.    Plaintiff commenced employment with Defendant on or around September 4, 1990.

17.    Starting on around March 31, 2016, Plaintiff served in the role of District Controller for Defendant based at Citizens Bank Park in Philadelphia.

18.    Plaintiff was the first female employee to hold the position of District Controller, based at Citizens Bank Park.

19.    Defendant further had an underrepresentation of female employees in high-level positions.

20.    As District Controller, Plaintiff reported directly to Kevin Tedesco (male), General Manager.

21.    Mr. Tedesco reported directly to Brian Hastings (male), District Manager.

22.    In April 2017, Plaintiff began actualizing and preparing financial reports for Defendant's client, the Philadelphia Phillies ("Phillies").

23.     Plaintiff's primary contact with the Phillies was Michael Carson (male), Controller.

24.     The Phillies unjustly criticized Plaintiff's performance and treated her in a more hostile and dismissive manner than the Phillies treated Defendant's male employees.

25.     On or around May 12, 2017, the Phillies requested that Plaintiff's subordinate, Ryan Coleman (male), assist her in her duties for the Phillies.

26.     The following day, on or around May 13, 2017, Defendant instructed Mr. Coleman to take over a portion of Plaintiff's duties with regard to the Phillies.

27.     Unlike Plaintiff, Mr. Coleman was not unjustly criticized and subjected to sex discrimination, nor was he treated in a hostile and dismissive manner.

28.     On or around May 15, 2017, Mr. Hastings told Plaintiff that the Phillies were unhappy with her.  Mr. Hastings remarked: "maybe he [Carson] doesn't like women."

29.     Plaintiff complained to Mr. Hastings that her interactions with the Phillies were humiliating and demoralizing, and that no matter what she did she was criticized.

30.     Mr. Hastings responded to the effect of: "I can only imagine what it felt like.  Or, no – I can't imagine."

31.     On or around May 30, 2017, Mr. Hastings came to Plaintiff's office to discuss the Phillies being unhappy with her.  Mr. Hastings said: "I hope it is not because you are a woman."

32.     Plaintiff expressed her concern to Mr. Hastings that she was being discriminated against by the Phillies for being a woman, and she stated that she hoped that she was not being discriminated against.

33.     That same day, Mr. Hastings rhetorically asked Plaintiff: "You know what happened to Chrissy [Flaningan], right?"

34.     Ms. Flanigan (female) is an employee of Defendant who held the position of General Manager at Citizens Bank Park.

35.     Defendant transferred Ms. Flanigan from her position as General Manager at Citizens Bank Park because the Phillies did not want her working with them.

36.     Plaintiff understood Mr. Hastings to be communicating to her that the Phillies have a sex discriminatory bias; that the Phillies do not like working with female employees of Defendant; and that Defendant will discriminate against female employees in order to retain the Phillies as a client.

37.     Despite Plaintiff's stated concern of sex discrimination, Defendant took no action to investigate the issue or remedy the hostile work environment to which she was subjected because of her sex.

38.     Also on or around May 30, 2017, Doug Dunn (male), Regional Finance Director, came to Plaintiff's office and instructed her to "think about [her] next move and where [she] want[s] to be."

39.     Plaintiff informed Mr. Dunn that she wanted to remain in her position and had no intentions of leaving.

40.     On May 31, 2017, Plaintiff was placed on a Performance Improvement Plan ("PIP") by Mr. Hastings and Erica Silvi (female), Senior Human Resources Manager.

41.     Mr. Hastings indicated that the PIP was instigated by the Phillies, and that the Phillies wanted Plaintiff to be placed on the PIP.

42.     Plaintiff's performance did not warrant her being placed on a PIP.

43.     Plaintiff had never received documented performance criticism until after Defendant acceded to the Phillies' sex discriminatory bias.

44.     The 60-day PIP expired on July 31, 2017.

45.     Plaintiff successfully completed the PIP and was given no indication at that time that further action would be taken by Defendant regarding Plaintiff's alleged performance deficiencies.

46.     Several months later, on or around October 16, 2017, Kirk McCready (male), Controller, remarked to Plaintiff that he did not think the Phillies "like dealing with women."

47.     A few days later, on or around October 19, 2017, in a meeting with Mr. Hastings and Ms. Silvi, Defendant terminated Plaintiff's employment, effective immediately.

48.     Plaintiff asked why she received no follow-up from the PIP or further indication that Defendant allegedly found her performance deficient.

49.     Mr. Hastings replied that Defendant considered placing Plaintiff on another PIP but ultimately felt that Plaintiff "couldn't' handle it."

50.     Defendant's stated reason for Plaintiff's termination (poor performance) is false and pretext for sex discrimination and/or retaliation.

51.     Defendant terminated Plaintiff's employment because of her sex (female), in retaliation for Plaintiff complaining of sex discrimination, and because Defendant acquiesced to its client's desire to not have a female District Controller based at Citizens Bank Park.

52.      Defendant discriminated and/or retaliated against Plaintiff by removing a portion of her job duties, placing her on an unwarranted PIP, and terminating her employment.

53.     Upon information and belief, Defendant assigned Plaintiff's job duties to male and/or non-complaining employees.  Plaintiff was more qualified and experienced to perform her position than the male and/or non-complaining employees who have been assigned her job duties.

54.     Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff and in the termination of Plaintiff's employment.

55.     Plaintiff's complaining of discrimination was a motivating and/or determinative factor in Defendant's retaliatory treatment of Plaintiff and in the termination of Plaintiff's employment.

56.     The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

57.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

58.     The conduct of Defendant, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management, and warrants the imposition of punitive damages against Defendant.

59.      The conduct of Defendant, as set forth above, was willful and intentional.

## COUNT I - TITLE VII

60.     Plaintiff incorporates herein by reference paragraphs 1 through 59 above, as if set forth herein in their entirety.

61.     By committing the foregoing acts of discrimination and retaliation against Plaintiff on the basis of Plaintiff's sex, Defendant has violated Title VII.

62.     Said violations were willful and intentional and warrant the imposition of punitive

damages.

63.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein.

64.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's unlawful acts unless and until this Court grants the relief requested herein.

65.     No previous application has been made for the relief requested herein.

## COUNT II - PHRA

66.     Plaintiff incorporates herein by reference paragraphs 1 through 65 above, as if set forth herein in their entirety.

67.     Defendant, by committing the foregoing acts of discrimination and retaliation, has violated the PHRA.

68.     As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

69.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's unlawful acts unless and until the Court grants the relief requested herein.

70.     No previous application has been made for the relief requested herein.

## COUNT III – PFPO

71.     Plaintiff incorporates herein by reference paragraphs 1 through 70 above, as if set forth herein in their entirety.

72.     Defendant, by committing the foregoing acts of discrimination and retaliation, has violated the PFPO.

73.    As a direct and proximate result of Defendant's violations of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth herein.

74.    Said violations were willful and intentional and warrant the imposition of punitive damages.

75.    Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's unlawful acts unless and until the Court grants the relief requested herein.

76.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Michele Gates, and against Defendant Aramark.  Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a)  declaring the acts and practices complained of herein to be in violation of Title VII;

b)  declaring the acts and practices complained of herein to be in violation of the PHRA;

c)  declaring the acts and practices complained of herein to be in violation of the PFPO;

d)  enjoining and permanently restraining the violations alleged herein;

e)  entering judgment against Defendant in favor of Plaintiff in an amount to be determined;

f)  awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory and unlawful misconduct;

g)  awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering, which Plaintiff has

suffered or may suffer as a result of Defendant's improper conduct;

h)  awarding punitive damages to Plaintiff under Title VII;

i)  awarding punitive damages to Plaintiff under the PFPO;

j)  awarding Plaintiff such other damages as are appropriate under Title VII, the PHRA, and the PFPO;

k)  awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

l)  granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: March 5, 2021                         By: _____
                                             Rahul Munshi
                                             1525 Locust Street, 9th Floor
                                             Philadelphia, PA 19102
                                             munshi@consolelaw.com
                                             215-545-7676
                                             215-814-8920 (fax)

                                             Attorneys for Plaintiff,
                                             Michele Gates

# EXHIBIT 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**COMPLAINT**

| | |
|---|---|
| COMPLAINANT: | : |
| **MICHELE GATES** | :   Docket No. |
| v. | : |
| RESPONDENT: | : |
| **ARAMARK** | : |

1. The Complainant herein is:

   Name:   Michele Gates

   Address:   **REDACTED**

2. The Respondent herein is:

   Name:   Aramark

   Address:   1 Citizens Bank Way
   Philadelphia, PA 19148

3. I, Michele Gates, the Complainant herein, allege that I was subjected to unlawful discrimination because of my sex (female) and unlawful retaliation because of my complaints of sex discrimination, as set forth below:

   **Discrimination and Retaliation**

   **A.  I specifically allege:**

[1]     I was hired by Respondent on or about September 4, 1990.  I consistently performed my job duties in a highly competent manner, and received positive feedback from Repsondent.

[2]     I reported to Kevin Tedesco (male), General Manager, who reports to Brian Hastings (male), District Manager.

[3]     I held the position of District Controller, based at Citizens Bank Park, since March 31, 2016.

[4]     I was the first female employee to hold the position of District Controller, based at Citizens Bank Park.

[5]     I was the only female directly reporting to Tedesco.

[6]     Respondent has an underrepresentation of female employees in high level positions.

[7]     In April 2017, I began actualizing and preparing financial reports for Respondent's client, the Philadelphia Phillies ("Phillies").  My primary contact with the Phillies was Michael Carson (male), Controller.  The Phillies requested that I reach out to several male coworkers to assist me in working with the Phillies.

[8]     The Phillies unjustly criticized my performance, and treated me in a more hostile and dismissive manner than the Phillies treated Respondent's male employees.

[9]     On or about May 12, 2017, the Phillies asked Tedesco if he could find support for me in working with the Phillies.

[10]    On or about May 12, 2017, the Phillies asked my subordinate, Ryan Coleman (male), Controller, to assist me in working with the Phillies.

[11]     On or about May 13, 2017, Respondent instructed Coleman to take over a portion of my duties with regard to the Phillies. Coleman, unlike me, was not unjustly criticized and subjected to sex discrimination, and was not treated in a hostile or dismissive manner.

[12]     On May 15, 2017, Hastings asked me what happened in my interactions with the Phillies, stating that the Phillies were unhappy with me. Hastings remarked: "maybe he [Carson] doesn't like women." I explained to Hastings that my interactions with the Phillies were humiliating and demoralizing, and that no matter what I did, I was criticized. Hastings responded: "I can only imagine what it felt like. Or, no—I can't imagine." I understood Hastings to have made these comments to me because I am female and because he was concerned that I was discriminated against based on my sex.

[13]     On May 30, 2017, Hastings came into my office and again asked me why the Phillies were unhappy with me. Hastings stated: "I hope it is not because you are a woman." I understood Hastings comments to be directed at me because I am female, and to be acknowledging the Phillies' preference for male and not female employees. I expressed my concern that the Phillies were discriminating against me based on my sex when I advised that I hoped I was not being discriminated against by the Phillies because of my sex.

[14]     On May 30, 2017, Hastings rhetorically asked me: "You know what happened to Chrissy [Flanigan], right?" Flanigan (female) is an employee of Respondent who held the position of General Manager at Citizens Bank Park; Respondent transferred Flanigan from her position of General Manager at Citizens Bank Park because the Phillies did not want her working with them. I understood Hastings to be communicating to me: that the Phillies have a sex discriminatory bias; that the Phillies do not like working with female employees of

Respondent; and that Respondent will discriminate against female employees in order to retain the Phillies as a client.

[15]    Despite the stated concern of sex discrimination by the Phillies, Respondent took no action, to my knowledge, to investigate the issue or remedy the hostile work environment to which I was being subjected because of my sex.

[16]    On May 30, 2017, Doug Dunn (male), Regional Finance Director, came into my office and instructed me to "think about [my] next move and where [I] want to be." I informed Dunn that I liked my job, and that I wanted to remain in my position. I informed Dunn that I had no intentions of leaving.

[17]    On May 31, 2017, I was placed on a Performance Improvement Plan ("PIP") by Hastings and Erica Silvi (female), Senior Human Resources Manager. The PIP was to run for sixty (60) days. I was blindsided because Respondent never indicated that my performance was deficient. Hastings indicated that the PIP was instigated by the Phillies, and that the Phillies wanted me to be placed on the PIP. The stated reason for the PIP was that Respondent "had to take action because the situation [with the Phillies] escalated so quickly." The reason why I was placed on the PIP is that I am female. My performance did not warrant a PIP. I never received documented performance criticism until after Respondent commented on and reacted to the Phillies' sex discriminatory bias.

[18]    The PIP expired on July 31, 2017.

[19]    On October 16, 2017, Kirk McCready (male), Controller, remarked to me that he did not think the Phillies "like dealing with women." McCready indicated that he never had a problem with the Phillies.

[20]     On October 19, 2017, in a meeting with Hastings and Silvi, Respondent terminated my employment, effective immediately.  The stated reason was that, while Respondent has seen some improvement from me, it has not been enough.  I asked why I had received no follow up from the PIP or further indication that Respondent allegedly found my performance deficient.  Hastings replied that Respondent "thought about another PIP, but didn't want to put more on me, as [Respondent] didn't think [I] could handle it."  Hastings told me that "[my] skill set is more that of an Office Manager/Controller," and that Respondent "never should have put me in the role [of District Controller, based at Citizens Bank Park]."

[21]     Respondent terminated my employment because I am female.

[22]     Respondent terminated my employment because its client, the Phillies, did not want a female to be District Controller of Respondent based at Citizens Bank Park.

[23]     I did not receive performance criticism from Respondent until the Phillies expressed its sex discriminatory bias, which Respondent acknowledged and used against me.

[24]     Respondent discriminated against me based on my sex in subjecting me to a hostile work environment, removing a portion of my job duties, placing me on a PIP, and terminating my employment.

[25]     Respondent retaliated against me based on my complaints of sex discrimination.

[26]     Respondent's sex discriminatory and retaliatory conduct toward me has caused me emotional distress.

[27]     Respondent's comments and conduct evidence a bias against female employees.

[28]     I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former similarly situated employees of Respondent who are female, and have been discriminated against based on sex, in connection with being subjected to a hostile work environment, being placed on a PIP, and being terminated.

**B.** Based on the aforementioned, I allege that Respondent has discriminated against me because of my sex (female) and retaliated against me because of my complaints of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   **X**     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  (a); (e)**

   _____     Section 5.1 Subsection(s) _____

   _____     Section 5.2 Subsection(s) _____

   _____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

**__X__    This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant prays that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

11/10/2017
(Date Signed)

(Signature)   Michele Gates

REDACTED

# EXHIBIT 2

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: **Michele Gates** | From: | **Philadelphia District Office** |
| --- | --- | --- |
| REDACTED | | **801 Market Street** |
| | | **Suite 1000** |
| | | **Philadelphia, PA 19107** |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| | **Kurt Jung** | |
| **17F-2018-60441** | **State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*                              **02/11/2021**

Enclosures(s)

**Jamie R. Williamson**
**District Director**

*(Date Issued)*

cc:    **ARAMARK**

**Rahul Munshi, Esq.**
**Console Mattiacci Law**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**
munshi@consolelaw.com
buccieri@consolelaw.com

**Christopher Havener**
**Assistant General Counsel, Employment Law**
**Aramark Legal Department**
**1101 Market Street, 29th Floor**
**Philadelphia, PA  19107**
havener-christopher@aramark.com

Enclosure with EEOC
Form 161-B (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you** *receive* **this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope  or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*